[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FINDINGS OF FACT AND CONCLUSIONS OF LAW
FINDINGS OF FACT
1) On April 20, 1992 the plaintiff, Stefano DiMatteo, made an offer to purchase certain real estate owned by the defendant, Leonard A. Johnson.
2) On April 24, 1992 the defendant Johnson signed an acceptance of said offer as set forth in Plaintiff's Exhibit A, including Schedule A attached thereto.
3) The plaintiff deposited with the defendant's agent the sum of $25,000 as a deposit under the terms of the aforementioned agreement.
4) The aforementioned agreement to purchase the real estate contained several contingencies including a contingency for mortgage financing.
5) The contingency for mortgage financing required the buyer to apply for such financing immediately and to pursue such application with diligence.
6) The contract as modified by Schedule A provided that the buyer could reclaim his deposit if he could not obtain the required financing and so notified the seller within 60 days of April 24, 1992.
7) Buyer discussed financing but was unhappy with the bank's response and did not make a formal application to People's Bank on May 5, 1992. CT Page 14286
8) Buyer made an application to New Haven Savings Bank on May 15, 1992.
9) By letter dated June 16, 1992 an agent, George Caffery, working with Mr. DiMatteo, was informed that there was a problem in processing the loan because the required MAI appraisal on the property could not be accomplished until at least 60 days after the appraisal was ordered.
10) By letter dated May 28, 1992, Plaintiff's Exhibit B, plaintiff/buyer notified seller that he could not obtain the required financing.
LEGAL CONCLUSIONS
1) The offer and acceptance had been completed insofar as it related to the mortgage contingency by April 24, 1992. The court finds that the passage of time from April 24th until May 15th, at which time the first mortgage application was made, does not satisfy buyer's obligation to "apply for such financing immediately" in view of the full finance contingency period of 60 days.
2) The court finds that the absence of any response by the plaintiff to the bank's letter indicating the 60 day delay in obtaining the mortgage amounts to a failure "to pursue such application with diligence."
3) The court finds that the deposit was properly escrowed in accordance with the contract.
4) The court finds for the defendant and awards the defendant the deposit of $25,000 without interest.
THE COURT
BY: Kevin E. Booth, Judge CT Page 14287